UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

        - v. -                              :    S4 07 Cr. 3 (BSJ)

HISAN LEE,                                  :
DELROY LEE,
SELBOURNE WAITE, and                        :
LEVAR GAYLE,
                                            :
             Defendants.
                                            :

- - - - - - - - - - - - - - - - - - - - - - x


### GOVERNMENT'S SUPPLEMENTAL MOTION IN OPPOSITION TO HISAN LEE'S MOTION TO SUPPRESS PHYSICAL EVIDENCE SEIZED FOLLOWING A SEARCH OF <u>A VEHICLE IN AMHERST COUNTY, VIRGINIA ON AUGUST 29, 2000</u>


                                 PREET BHARARA
                                 United States Attorney for
                                 The Southern District of New York,
                                 Attorney for the United States
                                       of America


Michael Q. English
Margaret Garnett
Todd Blanche
Assistant United States Attorneys
       - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                 :

      - v. -                                :    S4 07 Cr. 3 (BSJ)

HISAN LEE,                                :
DELROY LEE,
SELBOURNE WAITE, and                      :
LEVAR GAYLE,
                                          :
          Defendants.
                                          :

- - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S SUPPLEMENTAL MOTION IN OPPOSITION TO HISAN LEE'S MOTION TO SUPPRESS PHYSICAL EVIDENCE SEIZED FOLLOWING A SEARCH OF A VEHICLE IN AMHERST COUNTY, VIRGINIA ON AUGUST 29, 2000

The Government respectfully submits this memorandum in further support of its motion in opposition to defendant Hisan Lee's motion to suppress certain physical evidence taken following the search of a vehicle in Amherst County, Virginia on August 29, 2000. A hearing is scheduled on this matter for Thursday, February 11, 2010, at 2:00 p.m.

On January 10, 2010, the Court issued an Order (the "Order") granting an evidentiary hearing on defendant Hisan Lee's motion to suppress evidence seized from a vehicle stop in Amherst County, Virginia on August 29, 2000. (A copy of the Order is attached as Exhibit A).[1] The Court granted the hearing (1) because (1) of a factual dispute as to (a) whether the cars in

---

[1] Defendant Selbourne Waite joined in Lee's motion, but did not assert any interest in the vehicle that was searched or in the property that was seized.

question left the scene of the accident and (b) whether the encounter with the Virginia law enforcement officers took place at the scene of the accident or upon a later car stop, and (2) the circumstances surrounding the canine sniff had not been fully set forth by the Government, nor had there been any legal authority presented with regard to what, if any, justification is required for a law enforcement officer to employ a drug-sniffing dog during a car stop. (Order 2-3).

The Government submits that, after hearing testimony from a law enforcement officer who was present when Hisan Lee was arrested and who conducted the search of Hisan Lee's vehicle on August 28, 2000, it will be clear that the vehicle Hisan Lee was traveling in was stopped because law enforcement had reason to believe that its occupants had left the scene of an accident minutes earlier. Moreover, as discussed in greater detail below, it was entirely proper and appropriate for law enforcement to employ a dog to determine whether either of the vehicles that were stopped contained illegal narcotics. Finally, under the totality of the circumstances standard, the facts known to the law enforcement officers and the "positive hit" by the dog on Hisan Lee's vehicle, the officers had probable cause to search the vehicle, which law enforcement did after obtaining a search warrant from the local magistrate. Therefore, Hisan Lee's motion

-2-

to suppress the evidence seized during the August 29, 2000 search should be denied in its entirety.

## I.    Legal Principles

### A.    Motion to Suppress Evidence

When determining whether police officers had reasonable suspicion to stop a defendant, courts must evaluate the totality of the circumstances from the objective perspective of a trained and experienced law enforcement officer, who may draw on his own experience to make inferences that may elude an untrained person. (citing, *inter alia*, United States v. Arvizu, 534 U.S. 266, 273, 273-75 (2002); United States v. McCargo, 464 F.3d 192, 197 (2d Cir. 2006); United States v. Bayless, 201 F.3d 116, 133 (2d Cir. 2000)).  From that perspective, factors that by themselves suggest innocent conduct may add up to reasonable suspicion when viewed as a whole.  Terry v. Ohio, 392 U.S. 1, 22 (1968); See also Arvizu, 534 U.S. at 274-75; United States v. Villegas, 928 F.2d 512, 516 (2d Cir. 1991) ("Conduct as consistent with innocence as guilt may form the basis for an investigative stop where there is some indication of possible illicit activity."). The test for reasonable suspicion does not rise to the level required for probable cause.  Arvizu, 534 U.S. at 274; United States v. Sokolow, 490 U.S. 1, 7 (1989); United States v. Elmore, 482 F.3d 172, 179 (2d Cir. 2007).

This test is a "rather lenient" standard, which the Second Circuit has described as "not a difficult one to satisfy." United States v. Santana, 485 F. 2d 365, 368 (2d Cir. 1973); United States v. Oates, 560 F.2d 45, 63 (2d Cir. 1977).

B.    Circumstances That Allow Law Enforcement to Use a Dog Sniff

A police officer may stop a vehicle based upon that officer's "reasonable suspicion" that a traffic violation, or other violation, has occurred. United States v. Dhinsa, 171 F.3d 721, 724-25 (2d Cir. 1999) ("[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, whatever the subjective intent." (quoting Whren v. United States, 517 U.S. 806, 814 (1996))); see also United States v. Scopo, 19 F.3d 777, 782-83 (2d Cir. 1994).

Following such a lawful car stop, it is well-settled that a law enforcement officer may conduct a dog sniff during the stop. Illinois v. Caballes, 543 U.S. 405, 410 (2005) (holding that "a dog sniff would not change the character of a traffic stop that is lawful at its inception and otherwise executed in a reasonable manner"); United States v. Glover, 957 F.2d 1004, 1011-12 (2d Cir. 1992) (noting that dog sniffs are a less-intrusive manner to look for illegal narcotics). Indeed, a dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the

-4-

Fourth Amendment. Caballes, 543 U.S. at 410 ("In this case, the dog sniff was performed on the exterior of respondent's car while he was lawfully seized for a traffic violation. Any intrusion on respondent's privacy expectations does not rise to the level of a constitutionally cognizable infringement."); United States v. Place, 462 U.S. 696, 707 (1983). This is because a dog sniff is a minimally invasive search. As the Supreme Court has held, a "canine sniff" "is much less intrusive than a typical search" because, "the sniff discloses only the presence or absence of narcotics, a contraband item." Place, 462 U.S. at 707 ("We are aware of no other investigative procedure that is so limited both in the manner in which the information is obtained and in the content of the information revealed by the procedure."); United States v. Waltzer, 682 F.2d 370, 373 (2d Cir. 1982); United States v. Bronstein, 521 F.2d 459, 463 (2d Cir. 1975)). Indeed, a dog sniff is not a "search" within the meaning of the Fourth Amendment. Place, 462 U.S. at 707; United States v. Thomas, 757 F.2d 1359, 1367 (2d Cir. 1985); see also United States v. Hayes, 551 F.3d 138 (2d Cir. 2008) .

While an otherwise lawful detention at a traffic stop can become unlawful if, for example, an individual is held for several hours, a brief detention to verify information and await the arrival of a dog does not make an otherwise lawful stop unlawful. See Glover, 957 F.2d at 1013 (holding a detention

-5-

lawful when law enforcement brought the defendant back to the station, conducted certain computer checks, and arranged for a narcotics dog to conduct a dog sniff on a bag) (citing Place, 462 U.S. at 703; see also United States v. Hooper, 935 F.2d 484, 498 (2d Cir. 1991) (thirty minute detention not excessive); United States v. Mondello, 927 F.2d 1463, 1471 (9th Cir. 1991) (thirty minute detention of defendant and his luggage inside his private plane while drug agents arranged for narcotics dog to inspect defendant's luggage held reasonable); United States v. Knox, 839 F.2d 285, 290-91 (6th Cir. 1988) (thirty minute detention in airport security office of defendants and their luggage followed by "sniff test" held reasonable); United States v. Borrero, 770 F. Supp. 1178, 1189-91 (E.D. Mich. 1991) (seventy minute detention in security office, due in part to necessity for translation, prior to performance of "sniff test" held reasonable); United States v. Sullivan, 903 F.2d 1093, 1097-98 (7th Cir. 1990) (forty-five minute detention of luggage for "sniff test" held reasonable).

> B.   A Positive Hit During a Dog Sniff Gives Rise to
>       Probable Cause

It is likewise well-settled that a positive hit during a dog sniff gives rise to probable cause. See Florida v. Royer 460 U.S. 491, 506 (1983); United States v. Grover, 957 F.2d 1004, 1013 (2d Cir. 1992) ("[O]nce the narcotics dog 'hit on' Glover's bags, the police had probable cause to obtain a search

warrant."); <u>United States</u> v. <u>Waltzer</u>, 682 F.2d 370, 372 (2d Cir. 1982) ("We regard the dog's designation of the luggage as itself establishing probable cause, enough for the arrest, more than enough for the stop."); <u>United States</u> v. <u>Johnson</u>, 660 F.2d 21, 22-23 (2d Cir. 1981); <u>United States</u> v. <u>Bronstein</u>, 521 F.2d 459 (2d Cir. 1975); <u>see</u> <u>also</u> <u>United States</u> v. <u>Jeffus</u>, 22 F.3d 554, 557 (4th Cir. 1994) ("When the dog 'alerted positive' for the presence of drugs, the officer was given probable cause for the search [of the vehicle] that followed.").

Once the dog sniff yields a positive hit for the presence of illegal narcotics, it is reasonable for law enforcement to search the vehicle immediately. Under the automobile exception, "police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." <u>United States</u> v. <u>Howard</u>, 489 F.3d 484, 492 (2d Cir. 2007) (citing <u>United States</u> v. <u>Gaskin</u>, 364 F.3d 438, 456 (2d Cir. 2004) (citing <u>Pennsylvania</u> v. <u>Labron</u>, 518 U.S. 938, 940 (1996) (per curiam))). The Supreme Court has justified the automobile exception under two distinct theories: First, the Court has noted that a person's expectation of privacy in a vehicle is less than his or her expectation of privacy in a home, and, second, the Court has held that because a vehicle is readily movable, exigent circumstances might require a warrantless search. <u>See</u> <u>Cardwell</u>

v. Lewis, 417 U.S. 583, 590 (1974); Carroll v. United States, 267 U.S. 132, 153 (1925). See e.g., United States v. Howard, 489 F.3d 484, 492-95 (2d Cir. 2007). Indeed, the Supreme Court and the Second Circuit have held that where there is probable cause to search a vehicle, "a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained." Dyson, 527 U.S. at 467 (quoting United States v. Ross, 456 U.S. 798, 809 (1982)); Howard, 489 F.3d at 492. It is axiomatic that a judge issuing a search warrant based upon the positive dog sniff is similarly proper. See e.g., Grover, 957 F.2d at 1013.

## II. Discussion

Here, Hisan Lee submitted an affidavit claiming, inter alia, that (1) he was in an automobile in Amherst County, Virginia on August 29, 2000; (2) he stopped at the scene of an accident; (3) emergency responders, including law enforcement, came to the scene to offer assistance; (4) officers searched his vehicle; and (5) nobody consented to the search of the vehicle. (See Hisan Lee Declaration, attached as Exhibit B). In a follow-up letter to the Court, counsel for Hisan Lee clarified Lee's position, stating that Virginia authorities (1) stopped the vehicles without probable cause; (2) commenced a search at the scene of the stop that included the intervention of one or more dogs; and (3) in the middle of the search, took the cars to the

-8-

local police station in the middle of the search and applied for a warrant in an "attempt to sanitize a prior warrantless search without probable cause." (January 7, 2010 Letter from Michael H. Sporn to the Honorable Barbara S. Jones, attached as Exhibit C).

The Government submits that, after hearing the testimony from a law enforcement officer who was present during the stop and eventual search, it will be clear that the stop and search was proper.[2] The law is clear that assuming law enforcement has a proper reason to stop a vehicle, which they did here, conducting a dog sniff does not constitute a search. See Caballes, 543 U.S. at 410; Glover, 957 F.2d at 1011. Further, once the dog detects the presence of illegal narcotics, law enforcement has probable cause to search the vehicle. Lee's letter suggesting that law enforcement needs probable cause to stop a vehicle is simply not the law; as set forth above, reasonable suspicion is all that is required for law enforcement to stop a vehicle. United States v. Dhinsa, 171 F.3d 721, 724-25 (2d Cir. 1999). Further, once a vehicle is lawfully stopped, there is nothing improper about "calling in the dogs" as Lee implies in his January 7, 2010 letter. Indeed, even if the entire search of the vehicle took place without a warrant, it would not have been unreasonable. See Royer, 460 U.S. at 506

---

[2] Even if Lee's Declaration is accurate, nothing about the officers' actions or the dog sniff was improper.

(1983); <u>Jeffus</u>, 22 F.3d at 557; <u>Grover</u>, 957 F.2d at 1013.  The fact that law enforcement took the additional prophylactic measure of obtaining a search warrant is additional proof that the search in this case was proper.

<u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully requests that the Court deny the Hisan Lee's motion to suppress evidence taken pursuant to a search warrant issued on August 29, 2000 at the conclusion of the evidentiary hearing.

Dated:    New York, New York
          February 11, 2010

                        Respectfully Submitted,

                        PREET BHARARA
                        United States Attorney
                        Southern District of New York


                    By: _____
                        Todd Blanche
                        Assistant United States Attorney
                        (212) 637-2494

-10-

## Certificate of Service

I, TODD BLANCHE, an Assistant United Attorney for the Southern District of New York, AFFIRMS that, on February 11, 2010, I caused a copy of the **GOVERNMENT'S SUPPLEMENTAL MOTION IN OPPOSITION TO HISAN LEE'S MOTION TO SUPPRESS PHYSICAL EVIDENCE SEIZED FOLLOWING A SEARCH OF A VEHICLE IN AMHERST COUNTY, VIRGINIA ON AUGUST 29, 2000**, to be served via e-mail (msporn@netzero.net) on Michael H. Sporn, Esq., counsel to Hisan Lee.

Date:   February 11, 2010

By:   _____

Todd Blanche
Assistant United States Attorney
(212) 637-2494

-11-

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

UNITED STATES OF AMERICA

              v.

HISAN LEE
HIBAH LEE
ANDRE DAVIDSON
SELBOURNE WAITE
DELROY LEE, and
LEVAR GAYLE,

                       Defendants.

------------------------------------------x

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

07 Cr. 003 (BSJ)

Order

COPY MAILED / FAXED TO:
COUNSEL FOR PLTF(S): _____
COUNSEL FOR DFT(S): _____
PLTF PRO SE: _____
DFT. PRO SE: _____
DATE: 1 / 10 / 10
BY: _____

The Court is in receipt of the pre-trial motions submitted by Defendants Hisan Lee, Hibah Lee, Andre Davidson, Selbourne Waite, Delroy Lee, and Levar Gayle (collectively, "Defendants"). Having reviewed Defendants' Motions, the Government's omnibus opposition, and the reply memorandum submitted by Levar Gayle, the Court makes the following determinations:

I.    Motion to Suppress Evidence Seized from Vehicle Stop in Amherst, Virginia (Hisan Lee, Andre Davidson, and Selbourne Waite)

The Court has reviewed the Motion made by Defendant Hisan Lee and joined by Defendants Andre Davidson and Selbourne Waite to suppress physical evidence seized from a Honda Accord on August 29, 2000 in Amherst, Virginia. The Court has also reviewed the Government's Opposition to this motion.

1

Under United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992), an assertion by a defendant when the Government asserts the contrary creates a specific factual dispute that must be resolved with an evidentiary hearing.  In the instant case, Defendant Hisan Lee states that:

> I was in an automobile in Amherst, Virginia on August 29, 2000 with other occupants.  A vehicle ahead of us was involved in a one-car accident on the public roadway.  Our vehicle stopped at the scene of the accident.  Emergency responders came to the scene to offer assistance, including law enforcement officers. Officers searched our vehicle, and seized, among other things, narcotics from inside a suitcase that had been transferred from the car involved in the accident to ours.

(Lee Decl. 1.)  To the contrary, the Government states that after the car accident, "[a]ll of the occupants of the Maxima [the car involved in the accident] then entered the other two vehicles (the Honda and the Infiniti), and fled the scene of the accident, abandoning the Honda."  (Gov't Opp'n 7.)  The Government further states that "[w]hen Amherst County law enforcement officers learned about the accident, the transfer of the bags from the Maxima to the Honda, *and that the occupants of the Maxima had fled the scene of the accident*, officers stopped both the Honda and the Infiniti."  (Id. 7 (emphasis added).)

Accordingly, there is a dispute of fact as to whether the cars in question left the scene of the accident and whether the encounter with Virginia law enforcement took place at the scene of the accident or upon a later car stop.

2

Lee argues that the canine "sniff" of the vehicles was improper and tainted the subsequent warrant obtained by law enforcement.  The Government does not contest that canines were employed, and acknowledges that a canine alert was used to establish probable cause in the warrant affidavit presented to Magistrate Judge Homer G. Ponton of Amherst County Circuit Court.  However, the circumstances surrounding the canine sniff have not been fully set forth by the Government, nor has there been any legal authority presented with regard to what, if any, justification is required for a law enforcement officer to employ a drug-sniffing dog during a car stop.

Therefore, pursuant to Defendants' request, the Court will hold an evidentiary hearing to determine these issues.

II.  Motion to Suppress Evidence Seized from 640 East 176th Street, Apartment 3, Bronx, New York (Hisan Lee)

The Court has reviewed the Motion made by Defendant Hisan Lee to suppress evidence seized from 640 East 176th Street, Apartment 3 ("Apartment 3") on or about April 11, 2007.  The Court has also reviewed the unredacted affidavit of Special Agent Michael Zeppieri of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") supporting the April 6, 2007 warrant granted by Magistrate Judge Douglas Eaton authorizing the search of Apartment 3.

Lee claims that the evidence seized from Apartment 3 was obtained pursuant to a warrant that was not based on probable

3

cause.  Specifically, Lee states that:  "Beyond the lack of sufficient connection between the defendant and the premises, the application on the whole lacks specificity, asks for general power to search, is overly broad and relies on boilerplate language without regard to the lack of any actual evidence suggesting that anything relevant to the investigation would be found at the premises."  (Def. Mot. 7.)

Under Illinois v. Gates, the task of a magistrate judge issuing a warrant "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  462 U.S. 213, 238 (1983).  Moreover, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed."  Id. at 238-39 (internal quotation omitted).  Accordingly, "magistrates' determinations of probable cause should be paid great deference by reviewing courts."  Id. at 288 (internal quotation omitted).

In the instant case, the affidavit of Special Agent Zeppieri laid out detailed evidence tying Hisan Lee to Apartment 3, including multiple sightings of his car in the area and a witness statement indicating that Lee had stayed at the apartment overnight on at least one occasion.  Special Agent Zeppieri also provided specific information as to why, based on

4

his experience as an investigator, he believed that narcotics-related evidence would be found inside Apartment 3.

Accordingly, the Court finds that Magistrate Judge Eaton had a substantial basis for concluding that probable cause existed to search Apartment 3, and DENIES Lee's Motion to suppress evidence seized from this residence.

Lee also moves for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), claiming that "[i]nformation was kept out of the affidavit that would have called into question the nexus between Hisan Lee and the apartment. As such it provided a distorted view of the facts." (Def. Mot. 9.) According to Lee, these alleged manipulations meant that "[t]he judicial officer did not have an accurate picture of the facts on the ground." (Id.) Lee further asserts that "[a]n accurate picture would not give rise to probable cause to search the premises." (Id.)

Under Franks, evidence obtained pursuant to a warrant based on materially false and misleading information is not admissible absent a hearing at which it is determined whether, setting aside the false statements, sufficient independent evidence was presented to the judicial officer such that the warrant was, notwithstanding the tainted information, issued on probable cause. Franks, 438 U.S. at 155-56. However, for a defendant to be entitled to a hearing to test the truthfulness of a warrant's underlying affidavits, the "defendant must make a substantial preliminary showing that: (1) the claimed inaccuracies or

omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the judge's probable cause finding." United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998) (internal citations omitted). A hearing is not required when an affidavit in support of a search warrant application contains material allegedly presented with "deliberate falsity or reckless disregard" for the truth if "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." Franks, 438 U.S. at 171-72; see also United States v. Ferguson, 758 F.2d 843, 849 (2d Cir. 1985).

In this case, Hisan Lee has not made a "substantial preliminary showing" that the asserted omissions, if true, were material to the probable cause finding upon which the eavesdropping warrants were based. Nor, significantly, has Lee made a "substantial preliminary showing" that Special Agent Zeppieri knowingly and recklessly made false statements in his application for the search warrant such that there could be no reasonable belief that the warrant was issued with probable cause. Accordingly, Hisan Lee's request for a Franks hearing are DENIED.

III. Motion to Suppress Evidence Seized from 1173 Fulton Avenue, Apartment 4B, Bronx, New York (Hisan Lee)

6

The Court has reviewed the Motion submitted by Defendant Hisan Lee to suppress evidence seized during an April 12, 2007 search of 1173 Fulton Avenue, Apartment 4B ("Apartment 4B"). The Court has also reviewed the Government's opposition to this Motion.

A defendant is not entitled to an evidentiary hearing unless he or she can show that there is a contested issue of material fact with respect to the issue for which the hearing is requested. See United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992). "To create a factual dispute, defendant must submit sworn factual allegations from an affiant with personal knowledge." United States v. Urena-Pere, No. 91 Cr. 964, 1992 WL 17977 at *1 (S.D.N.Y. Jan. 24, 1992). In the absence of an affidavit of anyone with personal knowledge, an evidentiary hearing is unnecessary. See id.; see also United States v. Viscioso, 711 F. Supp. 740, 745 (S.D.N.Y. 1989) ("The required showing must be made by an affidavit of someone with personal knowledge of the underlying facts"), aff'd, 923 F.2d 842 (2d Cir. 1990).

In the instant case, the Government has submitted a sworn affidavit from Special Agent Michael Zeppieri stating that the resident of the above premises "consented to a search of the Apartment" (Zeppieri Aff. ¶ 6) and that "[a]fter [he] received consent to search the Apartment, [Special Agent Zeppieri] recovered several items that were strewn across the bed of the

7

back bedroom," (id. ¶ 7.)  Defendant Hisan Lee, on the other hand, states that:  "[a]fter I was arrested and placed in custody in the hallway, officers then entered my cousin's apartment and conducted a search. . . .  No one consented to enter the apartment or to search inside of it."  (Hisan Lee Decl. 2.)

Assuming without deciding that Hisan Lee has standing to move to suppress evidence seized from Apartment 4B, his Declaration is insufficient to create a material issue of fact as to whether the resident of the afore-mentioned premises consented to the search.  Lee's conclusory statement that "[n]o one consented to enter the apartment or to search" does not indicate whether Lee claims to have seen or heard the agents' entry into Apartment 4B and their interaction with the resident. (Lee Decl. 2.)  In short, it is unclear whether Lee claims to have personal knowledge of whether the resident of 1173 Fulton Avenue consented to the search and, if so, what he asserts as the basis for this personal knowledge.

Accordingly, the Court finds that Hisan Lee has failed to raise a disputed issue of material fact sufficient to warrant an evidentiary hearing on this issue and DENIES Lee's Motion to suppress evidence seized from Apartment 4B.  See Pena, 961 F.2d at 339.  If Lee wishes to submit a supplemental declaration explaining the basis of his assertion that the resident of Apartment 4B did not consent to the April 12, 2007 search, the

8

Court will consider the additional submission and may order a hearing.

IV.    Motion to Suppress Post-Arrest Statement (Levar Gayle)

The Court has reviewed Defendant Levar Gayle's Motion to suppress his post-arrest statement made on January 31, 2008.

The Fifth Amendment to the Constitution provides that no "person . . . shall be compelled in a criminal case to be a witness against himself." U.S. Const. amend. V. Under Miranda v. Arizona, the Supreme Court determined that the "in-custody interrogation of persons suspected of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." 384 U.S. 436, 467 (1966). More specifically, the Court held that "that the prosecution may not use statements made by a suspect under custodial interrogation unless: (1) the suspect has been apprised of his Fifth Amendment rights; and (2) the suspect knowingly, intelligently, and voluntarily waived those rights." United States v. Plugh, 576 F.3d 135, 140 (2d Cir. 2009) (citing Miranda, 384 U.S. at 444-45).

The statement that Gayle seeks to suppress here was made in the context of custodial interrogation. For this statement to be admissible at trial, the Government must establish, by a preponderance of the evidence, that the defendant knowingly, intelligently, and voluntarily waived his privilege against

9

self-incrimination.  See Colorado v. Connelly, 479 U.S. 157, 169 (1986).

In determining whether a defendant validly waived his or her Fifth Amendment rights, the court must make a two-part inquiry. First, the court must decide whether the waiver was the "product of a free and deliberate choice rather than intimidation, coercion, or deception." Moran v. Burbine, 475 U.S. 412, 421 (1986).  Second, the waiver must have been made with the "full awareness of the right being waived and of the consequences of waiving that right." United States v. Jaswal, 47 F.3d 539, 542 (2d Cir. 1995).  Since determinations must be made in light of the totality of the circumstances surrounding the interrogation, the court should assess the defendant's "characteristics, the conditions of interrogation, and the conduct of law enforcement officials." United States v. Anderson, 929 F.2d 96, 99 (2d Cir. 1991); see also Moran, 475 U.S. at 421.  "Even if a confession is voluntarily given, it may nonetheless be inadmissible if the defendant lacks the mental capacity to make a knowing and intelligent waiver of his Miranda rights." United States v. Murgas, 967 F. Supp. 695, 706 (N.D.N.Y. 1997) (internal quotations omitted).

In the instant case, Levar Gayle has submitted an affidavit stating that he did not understand his rights fully and did not realize that what he said could be used against him.  As noted above, one of the factors the Court must consider when

10

determining whether the waiver was knowing and intelligent is the defendant's mental capacity.  This case presents a factual dispute in that regard, because the defendant appears to allege that he was unable to make an intelligent waiver, and the government contends that he did in fact make a valid waiver. Thus, there are disputed issues of fact regarding Gayle's waiver of Miranda rights, and the Court will schedule an evidentiary hearing to determine these issues.


SO ORDERED:


Barbara S. Jones
UNITED STATES DISTRICT JUDGE


New York, New York
January 10, 2010


11

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against -             :

BOBBY SAUNDERS, et al.      :

          Defendants.    :

-------------------------------------------------------x

    DECLARATION

    IND. NO. 07 Cr. 03 (BSJ)

        HISAN LEE declares under the penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

        I am a defendant in the above-entitled criminal cause, and I make this Declaration in support of a motion filed by my attorneys on my behalf to suppress physical evidence seized at various locations.

<u>Automobile search at scene of accident in Virginia on August 29, 2000</u>

        I was in an automobile in Amherst, Virginia on August 29, 2000 with other occupants. A vehicle ahead of us was involved in a one-car accident on the public roadway.

        Our vehicle stopped at the scene of the accident. Emergency responders came to the scene to offer assistance, including law enforcement officers. Officers searched our vehicle, and seized, among other things, narcotics from inside a suitcase that had been transferred from the car involved in the accident to ours.

        Nobody consented or otherwise gave permission to search our vehicle or anything in it. There was no law enforcement related reason for law enforcement officers to search the vehicle or rummage through the contents of a suitcase inside of it.

Search of premises located at 640 East 176th Street, Bronx, New York

On or about April 11, 2007, law enforcement officers executed a warrant to search premises located at 640 East 176th Street in the Bronx in Apartment 3. This is the apartment of Suzzette Rose. I was a guest of Ms. Rose in that apartment. As such I had a reasonable expectation of privacy in the premises.

Search of premises located at 1173 Fultan Avenue, Bronx, New York

I was arrested in the hallway of an apartment building at 1173 Fultan Avenue in the Bronx on April 12, 2007. My cousin lived in an apartment whose door opened onto that hallway. I had been an overnight guest in the apartment when the police entered the building. After I was arrested and placed in custody in the hallway, officers then entered my cousin's apartment and conducted a search.

Officers seized physical evidence from inside the apartment consisting of, among other things, cellular telephones and various documents. No one consented to enter the apartment or to search inside of it. There was no search warrant for the premises, and no reason to enter the premises because I already was in custody outside of the apartment.

WHEREFORE, it is respectfully requested that the omnibus motion to suppress physical evidence and other relief be granted in its entirety.

Dated:  November 17, 2009
        Brooklyn, New York

Hisan Lee

# Exhibit C

**MICHAEL H. SPORN**

ATTORNEY AT LAW

299 BROADWAY

NEW YORK, NEW YORK 10007

TELEPHONE

(212) 791-1200

FACSIMILE

(212) 791-3047

January 7, 2010

<u>By Hand & By Fax # (212) 805-6191</u>

Hon. Barbara S. Jones

United States District Judge

Southern District of New York

500 Pearl Street

New York, New York 10007

Re: <u>United States v. Hisan Lee, et al.</u>

Ind. No. 07 Cr 003 (BSJ)

Dear Judge Jones:

This letter is respectfully submitted on behalf of Hisan Lee in response to the Court's inquiry about the defendant's claim in his motion to suppress physical evidence seized in Virginia. It is the defendant's position that Virginia authorities unlawfully stopped the vehicles in question without probable cause, and commenced a search at the scene of the stop that included the intervention of one or more dogs. There was no probable cause or any other justifiable basis for the belief that any criminal activity was underfoot. There had been a car accident beforehand – nothing more. Neither of the stopped vehicles was involved in the accident.

Notwithstanding the innocuous nature of what occurred beforehand, officers commenced and search, and literally "called in the dogs." In the middle of the search, officers took the cars to the local police station and applied for a warrant. This application was nothing more than an attempt to sanitize a prior warrantless search without probable cause. I trust that this letter addresses your Honor's concerns. Thank you for your consideration of this matter.

Respectfully submitted,

Michael H. Sporn

MHS/ss

Cc: Michael Q. English, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

UNITED STATES OF AMERICA                    :

              v.                            :

                                            :        Order

HISAN LEE,                                  :
                        Defendant.          :

-------------------------------------------x

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE


     The Court has reviewed Defendant Hisan Lee's ("Defendant")

Motion to suppress physical evidence seized on or about August

29, 2000 from a vehicle located in Amherst, Virginia.  The Court

notes that Defendant's affidavit could be read to assert that

the law enforcement search of the afore-mentioned vehicle took

place prior to the issuance of the search warrant, which the

government has produced.  The Defendant is directed to advise

the Court as to his precise claim in this regard.


SO ORDERED:

                              _____
                              Barbara S. Jones
                              UNITED STATES DISTRICT JUDGE


New York, New York
January 7, 2010